THOMAS HEERON, *Plaintiff in Error*,

*vs.*

JASPER BECKWITH, *Defendant in Error*.

ERROR TO THE DANE COUNTY COURT.

A motion for security for costs, is addressed to the sound discretion of the court, and cannot be assigned for error, unless it is made to appear that there was a flagrant abuse of such discretion.

When a defendant has appeared on the return day of the writ, before a justice, pleaded to the action, witnesses been sworn upon the issue, and the cause been submitted to the justice, who renders judgment, from which an appeal is taken, it is too late to move in the County Court to dismiss the cause for defective service, or for want of service of process.

His appearance, plea and submission, is a waiver of all objection to the service, or want of service of process, and gives the court jurisdiction of the person.

In replevin before a justice, the plea of " not guily," puts in issue, as well the plaintiff's title or right of possession in the property, as the wrongful taking and detention.

The finding of the justice, or of the County Court, is not complete upon the issue of not guilty, unless it embrace the right of possession of the plaintiff.

Without such finding, a judgment of return, or delivery of the property to the plaintiff, is not authorized, and is erroneous.

The finding of the Justice or County Court, is equivalent to the verdict of a jury, and having been entered of record, this court cannot enlarge it by intendment.

On the issue of " not guilty," both parties are struggling for the property, and the title or right of possession must be found, before it can be awarded to one or the other.

A statement of this case, and the points made by counsel, are fully contained in the opinion of the court.

*Knowlton & Hood*, for the plaintiff in error.

*Vilas & Remington*, for the defendant in error.

*By the Court*, SMITH, J. The plaintiff in error seems to have made up his case and points from his

own observations or notes at the trial before the justice, instead of the record as certified by the clerk. Let it be here remarked, that the rule of this court requiring an abstract of the case to be printed, is no idle formula. It is a rule that must be observed ; and counsel and attorneys are expected to conform that abstract truly to the record, by which the case must be adjudicated by this court. We are unwilling to believe that there was any design to present an unfair or untruthful state of this case ; but it is important to call the attention of gentlemen practising in this court, to the necessity of a careful statement of the case, in accordance with the record of the court from which it comes.

The printed abstract is so remote from the record, that we are compelled to leave it out of view altogether, and to have recourse to the record itself ; from which it appears, that on the 31st of March, 1852, a writ of replevin was issued by Samuel G. Abbott, a justice of the peace for the county of Dane, at the suit of Jasper Beckwith, defendant in error, against Thomas Heeron, plaintiff in error, for the wrongful taking and detention of one two-horse wagon, of the value of sixty dollars, returnable the 3d day of April, at 4 o'clock P. M.

The writ was returned personally served, " by delivering a copy of the same to the defendant, by M. Moore, constable, the wagon not found."

On the 3d day of April the parties appeared, when the complaint was read to the defendant, who pleaded " not guilty." The suit was thereupon tried. Witnesses were sworn and examined, and the cause submitted ; and on the same day the justice rendered judgment as follows : " Judgment rendered against the

defendant for $15.00 damages, and $11.40 costs of suit; and I do further adjudge that the two-horse wagon specified in the above complaint be replevied, and delivered to the said plaintiff without delay; or in default thereof, that the plaintiff do recover from the defendant sixty dollars, the assessed value of said wagon."

From this judgment, the defendant appealed to the County Court.

In the County Court, a motion was made by the defendant to dismiss the cause, for want of service on the defendant, and for various irregularities in the issuing, service and return of the writ; which motion was over-ruled by the court, and the parties then proceeded to trial upon the issue joined before the justice, and the following are the entries upon the record:

" May 6, 1852. And now, at this day comes the plaintiff, by his attorneys, Vilas and Remington, and the said defendant, by Botkin and Hood, his attorneys, and this cause is tried by the court, who, having heard the evidence and the arguments of counsel, and being sufficiently advised thereon, finds the value of the goods and chattels specified in the complaint to be sixty dollars, and assesses the damages which the plaintiff has sustained by the unjust taking of the property specified, at the sum of fifteen dollars."

Afterwards, judgment was rendered against the defendant and his sureties for $15.00 damages, and for his costs; and it was further ordered and adjudged, that the property be delivered to the plaintiff without delay, and in default thereof, the plaintiff recover of the defendant and his surety sixty dollars, the value thereof assessed.

It is assigned for error.

June Term,
1853.

Heeron
vs.
Beckwith.

1st. That the County Court erred in overruling a motion made therein for security for costs, to be given *de novo* by the plaintiff below.

This was a motion made to the sound discretion of the court, and cannot be assigned for error, unless it is made to appear that there was a flagrant abuse of such discretion. There is no appearance of the kind in this case.

2d. That the court erred in not dismissing the cause, when it was apparent that the defendant had not been served with process in this case from the court below, as by law in that behalf required.

But it does appear, that the defendant appeared on the return day of the writ; had the complaint read to him; pleaded the general issue; went to trial; and after witnesses were examined, submitted his cause to the court. It was too late to object to any defect of process, or even want of process, or service thereof. His appearance, plea and submission, were a waiver of all objections of that character, and gave the court jurisdiction of the person.

3d. [This error is substantially a repetition of the first.] It was too late to take any exceptions to the process or manner of service.

4th. The court erred in awarding an alternative judgment therein; and awarding execution in manner and form as the same appears of record.

We do not see any objection to the form of the judgment. It seems to be in conformity with the statute.

This disposes of the errors assigned by the plaintiff in error. But on looking into the record there is another error which forces itself upon our notice, and which seems to be insuperable.

After having heard the evidence, and the arguments of counsel, the County Court proceeds to *find* upon the matters in issue, and the whole of his finding, as it is recorded, is as follows : " The value of the goods and chattels specified in the complaint to be sixty dollars, and assess the damages sustained by the unjust taking of the property, at $15.00." And upon this finding, judgment is rendered in favor of the plaintiff for the damages, and for a delivery of the property, or in default thereof, the recovery of the assessed value. Chap. 88, Sec. 150, of the Revised Statutes, requires that the justice or jury " shall find, as well the value of the goods and chattels specified in the complaint, and assess the damages which the plaintiff has sustained by the unjust taking or detention of the property replevied, as *that the plaintiff is entitled to the right of possession of such property."*

Section 146, of the same chapter, provides that the plea of not guilty to the complaint, shall put in issue, not only the right of the plaintiff to the possession of the property, but also the wrongful taking and detention thereof.

The finding of the County Court, (a jury not having been demanded,) is not complete upon the issue. It is entirely silent in regard to the right of property or possession. The finding of the court is equivalent to the verdict of the jury, and having been entered of record, this court cannot enlarge it by intendment. The right of property or possession having been put in issue, and not having been found, the judgment for return or delivery is not warranted.

If it shall be said that section 150, of chapter 88, does not apply to the case, after it comes into the

County Court, it may be replied—that the general principles of law require, substantially, the same thing. Whenever the right of possession or property is put in issue by the pleadings, the verdict must find that issue in favor of the plaintiff, to warrant a judgment of return, or delivery, as prescribed by statute. Both parties, in such case, are struggling for the property, and the title, or right of possession, must be found by the court or jury, before it can be adjudged to the one or the other.

The judgment in this case, awards the property to the plaintiff, or its assessed value ; whereas, for aught that appears, it may have been the defendant's. The unjust taking, for which fifteen dollars are assessed as damages, may be consistent with the defendant's title to the property, and the finding, in that respect, does not aid the judgment of *retorno habendum*, or delivery to the plaintiff. *Donaldson vs. Johnson*, 2 *Chand. Rep.* 160 ; 6 *Hill* 277 ; *id.* 613 ; 5 *Denio*, 21.

The judgment of the County Court is reversed with costs.