JOHN C. WATERMAN *et al.*, Appellants, *v.* NELSON G. TUTTLE *et al.*, Appellees.

#### APPEAL FROM COOK.

Where the process from a court of superior jurisdiction is sent to another county for service, if exception is to be taken, it should be done by motion at the proper time, or by plea in abatement. A plea in bar goes to the cause of action, and is not the proper plea.

THIS action was heard before MANIERRE, Judge, at Novem- ber term, 1856, of the Cook Circuit Court. The case is stated in the opinion of the court.

EASTMAN and BEVERIDGE, for Appellants.

SHUMWAY, WAITE and TOWNE, for Appellees.

SKINNER, J. The plaintiffs below sued the defendants in the Cook Circuit Court, counting in assumpsit upon two prom- issory notes. The declaration contained an averment that the causes of action accrued at the county of Cook, and that the plaintiffs resided in said county. The summons was sent to De Kalb county and there served. The defendants pleaded in *bar*, traversing this averment. To this plea the court sus- tained a demurrer.

This court, in the case of *Kenney* v. *Greer*, 13 Ill. R. 432, overruling several previously decided cases, held that in actions in the circuit court, where the summons is sent to another county, it is not necessary to give jurisdiction, that the declaration contains an averment of the special facts, author- izing the plaintiff to sue in the county where the action may be brought; and that jurisdiction will be presumed, unless questioned by plea in abatement, or motion interposed in proper time. The circuit courts are courts of superior or

general jurisdiction, and where they take cognizance of causes, every intendment is in favor of their jurisdiction, and they will be presumed rightfully to exercise it. It is, however, otherwise in regard to courts of inferior or limited jurisdiction. *Peacock* v. *Bell*, 1 Saunders' R. 74; *Kenney* v. *Greer*, 13 Ill. R. 432; 1 Chitty's Pl. 275. The averment, therefore, as to the place where the causes of action accrued, and the residence of the plaintiffs, being immaterial to the *cause* of action, was not traversable, and may be treated as surplusage. 1 Chitty's Pl. 229, 230 and 231.

The general rule is, that whatever matter of defense shows that the plaintiff can have no *cause* of action, should be pleaded in *bar;* but that which merely defeats the present suit and does not conclude the plaintiff from maintaining an action upon the *cause* stated, should be pleaded in *abatement*. 1 Chitty's Pl. 446.

If the facts alleged in the declaration and traversed by the plea were pleaded in abatement, they could do no more than defeat the present suit and compel the plaintiffs to sue where the defendants reside or should be found.

The demurrer was properly sustained. The cause being finally tried upon the general issue, the plaintiffs offered in evidence the notes declared on, and the defendants objected to each of them, for variance. We can discover no ground for the objection.

*Judgment affirmed.*