DANIEL SMITH, Respondent,

*vs.*

LEWIS D. PHELPS, Appellant.

APPEAL FROM MARQUETTE CIRCUIT COURT,

In an action for the delivery of personal property, a verdict which " decides in favor of the plaintiff, and awards the amount of property $470, and damages for detention at one cent," is defective in substance, and no judgment can be rendered upon it.

Where in such an action the pleadings put the title to the property in issue, it is necessary that the jury should find the issue thus presented.

A verdict should pass upon all the issues presented to the jury, otherwise no judgment can be rendered thereon.

Under section 187 of the code, the judgment must be in the alternative for the possession, or for the value of the property, in case delivery cannot be had.

A judgment exceeding the amount claimed in the complaint is erroneous, and will be reversed, unless cured in season by a *remittitur* of the excess.

The facts in this case, so far as they are disclosed by the record, appear in the opinion of the court, as well as the points made on the argument.

*Wheeler & Kimball* for appellant.

*By the Court,* COLE, J. Although the record in this case is very meagre, yet it sufficiently discloses, that several errors intervened in the court below, which must cause a reversal of the judgment.

It appears that this action was commenced under the code in the circuit court of Marquette county, for the recovery of certain personal property belonging to the plaintiff, which it

was alleged had been unjustly taken and was unjustly detained by the defendant. In his complaint the plaintiff alleged the value of the property at three hundred and sixty-eight dollars and ninety-seven cents, and prayed judgment for the value thereof, and damages for its detention, and also that the property be re-delivered to him. In his answer the defendant denied that he unjustly took, and unjustly detained the property mentioned in the complaint, but alleged that he took the same as deputy sheriff, by virtue of a writ of attachment duly issued, in favor of one Bissell, and against the goods, chattels, lands and tenements of William H. Cottrell, who was alleged to be the sole owner of the property at the time of the taking thereof. Upon the answer an issue was made up, and the parties went to trial before a jury. The jury returned a verdict in substance that they had decided in favor of the plaintiff, and had awarded the amount of property at four hundred and seventy dollars, and damage for the detention at one cent. On this verdict judgment was rendered in favor of the plaintiff for four hundred and seventy dollars and costs of suit.

We consider the verdict in this cause so defective and uncertain that no judgment should have been rendered upon it. One of the questions put in issue by the pleadings, was the title to the property, and this the jury do not pass upon one way or the other. Another was whether the plaintiff was entitled to the possession of the property. It is a general principle that the verdict must comprehend and pass upon, all the issues submitted to the jury in the cause, otherwise the judgment founded upon it will be reversed. So elementary a principle as this needs not the citation of authorities to support it.

Again, if the verdict had been sufficient, the judgment rendered was not in accordance with § 187 of the code. That section requires in an action to recover the possession of per-

Smith vs. Phelps.

sonal property, that the judgment for the plaintiff be for the possession or for the recovery of the possession, *or the value thereof in case a delivery cannot be had,* and of damages for the detention. The judgment taken must be in the alternative, for the return of the property, or for the value thereof as assessed, in case a return cannot be had. *Dwight vs. Enos & Jones,* 3 Selden, 490. A still further objection to the judgment is that it exceeds the amount claimed in the complaint.

For these reasons the judgment of the circuit court is reversed and a new trial ordered.