(Decided 5th March, 1875.)

---

H. THORNER and M. HEIDELBACH, trading as THORNER & HEIDELBACH *vs.* IGNATIUS BATORY.

IGNATIUS BATORY *vs.* THORNER & HEIDELBACH.

*Action of debt on a Judgment rendered in another State.*

An action of debt cannot be maintained in this State on a judgment rendered in a replevin suit in Tennessee in the following words: "that the plaintiff

return said goods to the defendants; and, *if he fail to do so*, that the defendants recover of the plaintiff and his security in the replevin bond given in this cause, the value of the goods as found by the jury."

· APPEAL from the Superior Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion of this Court.

The Court below, (DOBBIN, J.) filed the following opinion :

After careful consideration of this case, I am of opinion that the judgment ought to be arrested, the judgment sued upon not being such an one as this Court can carry into effect by a like judgment to be rendered here. Any other judgment than one presenting the same alternative would be transcending the power of this Court, which must be limited to precisely the same measure of relief which the plaintiff was entitled to in the State of Tennessee.

The only case known to the law of Maryland in which an alternative judgment, such as this, can be entered, is in the action of detinue, long disused, but still, perhaps, in force. But the action brought on this Tennessee judgment, is the action of debt, in which the only judgment is for a certain sum of money. It must be apparent that such an unconditional judgment would take from the defendant the right which he had under the Tennessee judgment to satisfy it by returning the property, and to that extent would be more exacting than the Tennessee judgment. Such a change of rights is not within the powers conferred by the Constitution of the United States, which extend only to the same measure of right. This view is, I think, fully sustained by C. J. REDFIELD in *Dimick vs. Brooks*, 21 *Vermont*, 569. The Clerk will therefore, enter the arrest of judgment.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ROBINSON, J.

*Jno. S. Wirt* and *Richard M. Venable,* for Thorner & Heidelbach.

The effect of the motion to arrest the judgment is to admit all of the allegations contained in the second count of the *narr.* Are those allegations sufficient to sustain the action?

The count is in these words:

"For that, whereas, the said plaintiffs, heretofore, to wit, on the 6th day of September, in the year 1867, in the Circuit Court for the County of Davidson, in the State of Tennessee, holden at Nashville, in the said State, and within the jurisdiction of the said Court, by the consideration and final judgment of the said Court, did recover certain goods, to wit: of the value of one thousand two hundred and eighty-three dollars, of the said defendant, Ignatius Batory; which said goods the Court did then and there consider and adjudge that the said defendant Batory, return to the said plaintiffs, and the Court did then and there further consider and adjudge that, if the said defendant fail to return said goods, the said plaintiffs recover of the said defendant, Batory * * * * * the value of said goods as found by the jury, to wit $1283 * * * * which said judgment still remains in full force and effect, not reversed, satisfied or otherwise vacated; and the said plaintiffs have not obtained any execution or satisfaction of or upon the said judgment so recovered as aforesaid; *nor has the said Batory returned to the said plaintiffs the said goods or any part of them, whereby an action hath accrued to the said plaintiffs to demand, and have the said sum of* $1283*****  yet the said defendants * * * have not as yet paid the said sums of money, or any part thereof to the said plaintiffs * * * and the plaintiffs claim," &c.

Here are certainly all the requisites of a declaration— the right of the plaintiffs—the breach of that right by the defendant, and the allegation of damages. 2 *Rob. Pr.,* 111, 113-4.

The count asserts that by the failure of the defendant to return the goods, an action had accrued to the plaintiffs for $1283.  *It does not assert this as a conclusion of law but as a conclusion of fact.*  The defendant by moving in arrest admits this fact.  Under this declaration it was open to the plaintiffs to show, by introducing evidence of the law of Tennessee, that as a matter of fact by that law the failure to return the goods made the defendants liable for the $1283; and, on this proof, to argue that such being the law of Tennessee, as to the effect of the failure, the same must be the effect in Maryland, (*vide,* 5  *Wal.,* 290; 17 *Wal.,* 521; 5 *G. & J.,* 507.)  The *narr.* does not (as the Court below seemed to suppose) simply set out an alternative or conditional judgment; it goes on to allege the failure of the defendant to comply with one alternative, and that by such failure he had become subject to the other.

But, if the declaration had merely set out an alternative judgment, the following considerations will show that the judgment should not be arrested:

In the construction of Art. 4, section 1, of the Const. of the U. S., and of the Act of Congress, passed the 26th of May, 1790, the Courts have held, that subject to the qualification that they are open to inquiry as to the jurisdiction of the Court which gave them, the judgments of a State Court, if unreversed, are conclusive in the Courts of all the other States where the subject matter of controversy is the same.  *Mills vs. Duryee,* 7 *Cr.,* 481; *Hampton vs. McConnell,* 3 *Wh.,* 234; *Christmas vs. Russell,* 5 *Wal.,* 290; *Board of P. Wks. vs. Columbia College,* 17 *Wal.,* 521; *Wernwag vs. Pawling,* 5 *G. & J.,* 507; *Brengle vs. McClellan,* 7 *G. & J.,* 434; *U. S. Bank vs. Merchants' Bank,* 7 *Gill,* 415; *Duvall vs. Fearson,* 18 *Md.,* 502.

These cases are to the effect that the judgment is entitled to just such faith and credit here, and to have the same operation and effect here, as in Tennessee.

The presumption of our law is that the judgment would have the same effect in Tennessee which a judgment in that form would have here. It is substantially the form of judgment in detinue which is recognized as a valid judgment in this State, though it has fallen into disuse. 1 *Wh. Selw.*, 665 ; *Stirling vs. Garritee*, 18 *Md.*, 468, 474 ; *Foster vs. Smoot*, 1 *A. K. Marshall*, 394.

The position taken, in the opinion of the Court below, that to allow the judgment to be entered for the sum found by the jury, would be to give a greater effect to the judgment here than it had in Tennessee, in taking from the defendant the right which he had in Tennessee, to return the goods, cannot, we think, be maintained. Surely a suit, in which the defendant pleads satisfaction, and has the privilege up to the close of the testimony of showing a return of the goods, is an enlargement of the defendant's right over that which he would have in Tennessee. He has, therefore, been deprived of no right, and has suffered no diminution of right. He had in Tennessee the privilege of returning the goods ; he has had that here. That privilege was liable to be cut off there suddenly, and without notice ; it has been cut off here after due notice and ample opportunity to exercise it. The form of the judgment set out in the *narr.* shows that this was a mere privilege and not a right of indefinite duration in the defendant.

The judgment is *that he return the goods,* not that the plaintiffs recover them.

If the plaintiffs cannot maintain this suit, they are without remedy. They cannot sue here in detinue, because the original cause of action, (the detention of the goods) is merged in the judgment rendered in the original forum. The debt or duty on which it is founded loses its distinct and independent existence and disappears in the higher obligation created by the sentence of the Court, and the parties are precluded from resorting to the original cause of action.

This is the recognized rule of law, with respect to the merger or extinguishment of the original cause of action by the judgment, and in the absence of any proof of any statutory modification of this principle in Tennessee, it must be assumed that such is the effect of the judgment sued upon in that State. The plaintiffs cannot therefore recover on the original cause of action, either in Tennessee or in this State, and the only form of remedy here is the action of debt. *Bank of U. S. vs. Merchants' Bank,* 7 *Gill,* 415 ; *Green vs. Sormiento,* 3 *Wash. C. C. Rep.,* 17 ; *Hunt & Lyle vs. Hale,* 8 *Yerg.,* 142-144 ; *Carraway vs. Burton,* 4 *Hum.,* 108-113 ; *Wharton on Con. of Laws,* sec. 810.

By the arrest of this judgment, the plaintiffs are bereft of all remedy ; and this as a reward for diligence !

*Wm. F. Frick,* for Batory.

MILLER, J., delivered the opinion of the Court.

In this case Thorner and Heidelbach, brought an action of *debt* against Batory and Jackson, upon a judgment recovered by the plaintiffs against the defendants in the State of Tennessee. Batory was summoned and Jackson returned *non est.* The first count of the declaration is upon an absolute judgment for a certain sum of money. *Nul tiel record* was pleaded to this count, and on production of the record of the judgment sued on this plea was very properly sustained. A similar plea to the second count was overruled, and under instruction from the Court the jury rendered a verdict in favor of the plaintiffs for $2039.96. Subsequently on motion of the defendant, the Court arrested judgment on this verdict and the plaintiffs have appealed.

The record of the Tennessee judgment shows that Batory obtained a writ of replevin for certain goods in the possession of Thorner & Heidelbach, which he claimed as

his, and Jackson became his surety on the replevin bond. Under the writ, the goods were taken by the sheriff and delivered to Batory, who then filed a declaration against the defendants " for the goods " (specifying them,) "which he says the defendants wrongfully detained from him," and "for $2000 damages for the detention thereof." The defendants pleaded not guilty. The plaintiff failing to prosecute the suit, a judgment by default (as it is termed,) was rendered against him by which the Court adjudged, " that the defendants recover of the plaintiff their damages occasioned by the unalwful seizure and detention of the property in the pleadings mentioned," and under a writ of inquiry to assess these damages, the jury found and assessed " the defendants' damages for the detention of the goods in the declaration mentioned, from them by the plaintiff to $161.10, and they find the value of said goods to be $1283." Upon this verdict the Court gave judgment "that the plaintiff return said goods to the defendants, *and if he fail to do so*, that the defendants recover of the plaintiff and H. C. Jackson, his security in the replevin bond given in this cause, the value of the goods as found by the jury," and further, "that the defendants recover of the plaintiff and his surety, H. C. Jackson, the sum of $161.10 damages for the detention thereof, and also the costs of this suit, for which execution may issue." We have thus stated the proceedings and judgment at length in order to show that this judgment is valid only by virtue of some statute law of Tennessee. Neither in this State nor at common law could such a judgment be rendered in an action of replevin.

The second count of the declaration sets out this *alternative* judgment, and avers that it remains in full force, unreversed and unsatisfied, and that Batory has not returned to the plaintiffs the said goods or any part of them " whereby an action hath accrued to the plaintiffs to have and demand of and from the defendants the sum of

Thorner & Heidelbach *vs.* Batory.

$1469.55,'' that being the aggregate of the value of the goods, the damages assessed for their detention and the costs of suit. We entirely concur with the learned Judge of the Superior Court in arresting judgment upon this verdict, and with the reasons he has assigned therefor. The judgment sued on is not such an one as the Courts of this State can carry into effect by a like judgment to be rendered here. Any other judgment would be transcending the powers of our Courts, which must be limited to the same measure of relief which the plaintiffs were entitled to in the State of Tennessee. The action brought on this judgment is an action of *debt* in which the only judgment that can be rendered is for a certain sum of money. It is clear that such an unconditional judgment would take from the defendant the right which he had under the Tennessee judgment to satisfy it by returning the property, and to that extent would work an unauthorized change of the rights of the parties. The views of Judge REDFIELD in the case of *Dimick vs. Brooks*, 21 *Verm.*, 569, (cited in the opinion of the Court below,) seem fully to sustain the position here taken, and we have no hesitation in adopting them.

*· · Order affirmed.*

(Decided 5th March, 1875.)

The defendant has taken an appeal from the action of the Court in overruling his demurrers to the declaration, and to the replication to certain pleas, and in sustaining the plaintiffs' demurrers to several of his pleas, and also from the rulings of the Court on his second plea of *nul tiel record*, and in granting the instruction contained in his second exception. But no final judgment to support this appeal has been rendered against the defendant, and it must therefore be dismissed.

*Appeal dismissed.*

(Decided 5th March, 1875.)