McNarra vs. The Chicago & Northwestern Railway Company.

Action for Damages to Land. *(1) When party in possession may recover without proof of paper title.*

Reversal of Judgment: Contributory Negligence. *(2) When judgment reversed for failure of verdict to determine question of plaintiff's negligence. (3) What facts not evidence of negligence.*

1. For damages done to *the land itself*, as well as those affecting crops, fences, etc., by fire caused by negligence of a railway company in operating its road adjacent thereto, the person who was in the actual possession and occupancy of the land may recover without proof of paper title, unless the defendant show an outstanding adverse title to the land higher than a mere possessory one.
2. Where contributory negligence of the plaintiff is one of the issues, the judgment will be reversed for a failure of the jury to determine that issue, in case the record contains evidence tending to show such negligence, but not otherwise. *Hutchinson v. C. & N. W. Railway Co.*, decided herewith.

3. The fire having originated thirty or forty rods from plaintiff's land, and the only evidence bearing upon plaintiff's negligence being that he saw smoke rising from defendant's track for two or three days — the last time being eight days before his property was burned, — and took no measures to have the fire extinguished: *Held*, that this would not have sustained a finding of contributory negligence.

APPEAL from the Circuit Court for *Juneau* County.

Action to recover damages for the destruction of the plaintiff's property by fire alleged to have been caused by the negligence of the defendant. The material portion of the complaint avers that defendant, by its agents and servants, on or about the 24th of August, 1873, was operating its railroad near and adjoining the plaintiff's close; that defendant negligently permitted weeds, grass, stubble and refuse matter of various kinds, that were inflammable and in an inflammable condition, to be and remain upon its land and right of way, and immediately adjoining its track and the plaintiff's premises; that defendant so negligently ran, operated and managed its locomotives used in operating its road, that sparks of fire were allowed to escape, and did escape, setting fire to the said waste and inflammable matter; and that such fire and sparks were also negligently allowed to escape and set fire to the grass, turf, rails and other property of the plaintiff; "whereby," at the time specified, "and solely by the carelessness of the said defendant and its servants, the plaintiff's property, to wit, a large amount of rails, timber, fencing, grass, hay, and the ground on which the same were then and there lying, growing and being, was greatly and seriously damaged, destroyed, and injured, to wit, to the amount of $300," for which plaintiff demands judgment.

The answer of the defendant contains, 1. A general denial; 2. An averment of due care on its part to avoid the injuries complained of; and 3. The averment " that whatever injury or damage the plaintiff may have sustained, if any, as alleged in said complaint, the same was caused, or directly contributed

to, by the negligence and fault of the plaintiff, and therefore defendant is not liable."

On the trial, some testimony was introduced by the plaintiff, without objection, tending to show that he was the owner of the land injured, and of the property thereon destroyed by the fire; but no written evidence of such title was offered. It appeared from the evidence that the plaintiff was in the actual possession of such land when the injuries occurred.

The testimony also tended to prove that a fire originated on the grounds of the defendant company adjacent to the lands of the plaintiff, and smouldered and burned in the soil there two or three weeks, when it spread upon the land of the plaintiff and caused the injuries complained of. And it may be stated, generally, that the testimony tended to prove the material allegations of the complaint.

The only evidence having any bearing upon the defense that the plaintiff was guilty of negligence contributing to the injuries, was, that he saw smoke issuing from the line of defendant's railway for two or three days; that the last time he saw it was eight days before his property was burned; and that he took no measures to have the fire extinguished. The fire originated thirty or forty rods from plaintiff's land.

The court refused an instruction asked on behalf of the defendant, as follows: "The plaintiff has not given any legitimate proof of title in himself to the land which he claims was burned and destroyed, and therefore the jury cannot give any damage for injury to the land itself." But the jury were told that the plaintiff could not recover unless they were satisfied from the evidence that he was the owner of the land.

No general verdict was returned, but the jury found specially, in answer to certain questions submitted to them, as follows: "Q. Did the defendant, by its agents and servants, exercise ordinary care and diligence in efforts to extinguish the fire on its track, of which complaint is made, after being informed of such fire? A. No. Q. What was the value of

the rails of the plaintiff which were burned at the time complained of? A. $50.75. Q. What was the value of the ground burned, for which plaintiff sues, immediately previous to the fire? A. $150. Q. What was the value of the ground burned, for which plaintiff sues, after the burning? A. $50."

A motion for a new trial was denied, and judgment rendered for the plaintiff for $150.75, and costs. From this judgment the defendant appealed.

For the appellant a brief was filed signed by *Smith & Lamb*, and the cause was argued orally by *Mr. Lamb.* Their argument included the following points: 1. The extraordinary or peculiar liability of railroad companies in regard to fire must be confined strictly to their extraordinary or peculiar use of fire. If they should use fire as farmers use it, to consume brush and rubbish on their land, they would be liable for exactly the same degree of diligence that a farmer would under the same circumstances. In this case, however the fire may have originated, it was not communicated by a locomotive passing at the time of, or immediately before, the injury. The testimony is clear and uncontradicted, that no locomotive passed over the road on the day of the fire. The only claim that can be made for the plaintiff on the proof is, that the fire had been burning on defendant's premises a number of days previously, and finally escaped upon plaintiff's land on the Sunday when the damage was done. In such a case, the defendant cannot be held to any higher degree of responsibility than would attach to any other owner of land adjoining that of the plaintiff, who had set fire on his premises to consume rubbish. Strictly, defendant's responsibility should be held no greater than would exist in any case where fire arises accidentally on land, the owner of which and his neighbors all know of the fire, and take respectively just such precautions to extinguish it, and to guard against injury from it, as were taken by the parties to this suit. *Read v. Morse*, 34 Wis., 318. The undisputed evidence shows that the defend-

ant, in fact, exercised extraordinary diligence in subduing the fire in this case; but ordinary diligence would have been sufficient to relieve it from liability.   *Case v. Hobart,* 25 Wis., 654; *Kellogg v. Railway Co.,* 26 id., 224: *Read v. Morse,* 34 id., 315; *Fahn v. Reichart,* 8 id., 255; *Tourtellot v. Rosebrook,* 11 Met., 460; *Clark v. Foot,* 8 Johns., 421–2; *Stuart v. Hawley,* 22 Barb., 619; *Lansing v. Stone,* 37 id., 15; *Calkins v. Barger,* 44 id., 424; *Losee v. Buchanan,* 51 N. Y., 476. 2.   Although, under the decisions of this court, defendant might be held guilty of negligence for leaving combustible material on its right of way, if the injury had been caused suddenly, by fire communicated by that means from sparks or coals escaping from an engine, yet the same cases hold, in respect to a fire seen and known, by all parties interested, for some time before the injury, that the rule does not apply. *Ward v. Railway Co.,* 29 Wis., 144; *Dreher v. Fitchburg,* 22 id., 675; *Kellogg v. Railway Co.,* 26 id., 223.   Here the same combustible material was found on the plaintiff's land adjoining that of defendant; and by means of this the fire actually spread so as to do the damage complained of; and in such a case the doctrine applies, that where the plaintiff or his family or servants might have prevented damage from the fire, and made no efforts to do so, he cannot recover for the injury caused by the fire.   *Ill. Cent. R. R. Co. v. McClelland,* 42 Ill., 355; *Ill. Cent. R. R. Co. v. Finnigan,* 21 id., 646; *Douglass v. Stephens,* 18 Mo., 362; *Kesee v. R. R. Co.,* 30 Iowa, 83; *Grier v. Ward,* 23 Ga., 145; *Barclay R. R. & Coal Co. v. Ingham,* 36 Pa. St., 194; *Loker v. Damon,* 17 Pick., 288.   3. The court erred in refusing to withdraw from the consideration of the jury plaintiff's claim for the injury to the land itself, because he had given no evidence of ownership.   To a recovery for such injuries, proof of title in fee is essential.   *Robbins v. R. R. Co.,* 6 Wis., 636; *Stoltz v. Kretschmar,* 24 id., 283; *Lane v. Thompson,* 43 N. H., 320; *Brown v. Dinsmoor,* 3 id., 103; *Randall v. Cleaveland,* 6

Conn., 328; *Hamden v. Rice*, 24 id., 350; *Green v. Armstrong*, 1 Denio, 550; *Halligan v. R. R. Co.*, 15 Ill., 558; Hilliard on R. P., 552–3; Chitty's Pl., 63.

LYON, J.    I. The instruction which the court refused to give the jury, which was, in effect, that the plaintiff could not recover for injuries to the land because he had failed to prove title thereto, we think was properly refused.    The title necessary to be proved in order to maintain the action, is the same as in an action of trespass *quare clausum fregit*, or in replevin for timber cut and removed by a trespasser from the lands of the plaintiff.    In either case, if the lands upon which the trespass was committed were vacant and unoccupied, the plaintiff must prove his title thereto, or he cannot recover. But if he was in the actual possession and occupancy of the land when the trespass was committed, he may maintain trespass or replevin, according to the exigencies of the case, without making any proof of a paper title, unless the defendant prove an adverse title thereto of a higher character than a mere possessory one.    *Hungerford v. Redford*, 29 Wis., 345.

In this case the plaintiff showed himself in actual possession of the land at the time of the injury, and the defendant did not show, or attempt to show, any outstanding adverse title thereto.    Hence the plaintiff's possession was sufficient to sustain the action, and he was not required to establish a higher or better title.

II. The special verdict does not pass upon the question of the alleged contributory negligence of the plaintiff, which is one of the issues made by the pleadings.    Were there any testimony in the record tending to show that he was guilty of any negligence which contributed proximately to the injury of which he complains, the omission of the jury to determine such issue would be fatal to the judgment.    *Heeron v. Beckwith*, 1 Wis., 17, and cases cited in Vilas and Bryant's Notes (new ed., p. 32); *Eldred v. The Oconto Co.*, 33 id., 133;

*Young v. Lego*, 38 id., 206. But we hold, in *Hutchinson v. The Chicago & Northwestern R'y Co.* (decided herewith), that if the undisputed evidence settles the issue in favor of the prevailing party, the omission of the jury to pass upon it will not work a reversal of the judgment. It is obvious that the rule must be the same where an issue is made on a defense stated in the answer, and there is no testimony tending to prove such defense.

Here, there is really no evidence tending to prove negligence on the part of the plaintiff. Had the question been submitted to the jury, and had they found the existence of such negligence, it would have been the duty of the court to set aside the finding. We conclude, therefore, that the omission of the jury to pass upon that issue is not error.

The foregoing views dispose of all the alleged errors adversely to the defendant, and necessarily result in an affirmance of the judgment of the circuit court.

*By the Court.*—Judgment affirmed.