GEORGE W. KINCAID, Respondent, v. GEORGE J. STORZ, Appellant.

Kansas City Court of Appeals, January 30, 1893.

1. **Illinois: COURTS: JURISDICTION.** The circuit courts of Illinois are courts of general jurisdiction, and the law there is that nothing shall be intended to be out of the jurisdiction of a superior court but that which especially appears to be so, and nothing shall be within the jurisdiction of an inferior court but that which is expressly alleged.

2. ———: **PRACTICE: PLEAS IN BAR AND IN ABATEMENT.** Whatever matter of defense shows that plaintiff can have no cause of action must be pleaded in bar; but that which merely defeats the present suit, and does not conclude the plaintiff from maintaining an action upon the cause stated, should be pleaded in abatement. So in a suit brought in the circuit court of an Illinois county, where the defendant does not reside, with process served in the county of his residence, the defendant waives his right to object to the jurisdiction of the court, unless he pleads his non-residency in abatement, and the judgment rendered against him will be valid and binding.

3. Judgment: VALID IN ONE STATE, VALID IN ALL. Under the constitution of the United States, judgments duly authenticated according to the act of congress shall have such faith and credit given them in every court as they have by law or usage in the courts of the state whence such record shall be taken.

4. ————: COLLATERAL ATTACK: JURISDICTION. The record of a judgment of another state does not impart absolute verity, and is not conclusive as to the court's jurisdiction of the subject-matter, or of the person or the thing in proceedings *in rem*.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*F. V. Kander,* for appellant.

(1) Storz being a non-resident of Henry county, the court had no jurisdiction to render judgment against him until it found a verdict or rendered judgment against his codefendant, the Henry County Coal Company, it being the local resident defendant through which the court was to obtain jurisdiction of Storz, who resided in Rock Island county. Revised Statutes, Illinois, ch. 110, sec. 2, p. 734. And, since there was no service on the Henry County Coal Company, the court had no jurisdiction to render judgment against Storz. *Christian v. Williams,* 35 Mo. App. 297–308; *Graham v. Ringo,* 67 Mo. 324. (2) There were two defendants in the original action commenced in the Henry county circuit court, and the record does not show what disposition was made of the codefendants of Storz. Every judgment against any joint defendant is irregular until the other is out of the action, and the issues against him disposed of. And it is error to receive and render judgment upon a verdict which does not find the issues as to all the defendants. *Eichelman v. Weiss,* 7 Mo. App. 87; *Schweick-*

hardt v. St. Louis, 2 Mo. App. 571–583; Smith v. Rollins, 25 Mo. 408; Rush v. Rush, 19 Mo. 441; Brown v. Richardson, 4 Rob. 603; McMahon v. Turney, 45 Mo. App. 103. In an action on a judgment against two defendants recovered in another state, only one of whom was served with process, there can be no recovery even against the one served. Hanley v. Donoghue, 43 Am. Rep. 554; 59 Md. 239; Hall v. Williams, 17 Am. Dec. 356; 6 Pick. 232. (3) In order to entitle a judgment rendered in any court of the United States to the full faith and credit mentioned in the federal constitution and acts of congress, the court must have had jurisdiction, not only of the subject-matter, but of the person. Latimer v. Railroad, 43 Mo. 109; Meyer v. Hartman, 14 Mo. App. 130. (4) The record of a judgment of another state may be contradicted as to the facts necessary to give the court jurisdiction, and a general denial puts the jurisdictional facts in issue. Crone v. Dawson, 19 Mo. App. 214; Corby v. Wright, 4 Mo. App. 443, 450; Eager v. Stover, 59 Mo. 87–89.

J. W. Gillespie, for respondent.

(1) The circuit courts of the state of Illinois are superior courts of general jurisdiction, and have all the power and jurisdiction of the court of common pleas in England. Kenney v. Greer, 13 Ill. 432; Beaubien v. Brinkerhoff, 2 Scam. 269; Wilson v. People, 94 Ill. 426; Isett v. Stuart, 80 Ill. 404; Myers v. People, 67 Ill. 503; Darling v. McDonald, 101 Ill. 370; People v. Young, 72 Ill. 411. (2) The circuit court of Illinois, being a court of general jurisdiction, is presumed to have had jurisdiction of every case adjudicated by it, until the contrary is made to appear. In collateral proceedings, when the record shows, or the court finds, the jurisdictional facts, the record cannot be contra-

dicted or questioned in a collateral proceeding. *Searle v. Galbraith*, 73 Ill. 269; *Hernandez v. Drake*, 81 Ill. 34; *Harris v. Lester*, 80 Ill. 307; *Fahs v. Darling*, 82 Ill. 142. (3) The federal constitution and acts of congress have given a judgment the same force and effect as evidence, in every other state, that it has in the one where it was rendered. *Horton v. Critchfield*, 18 Ill. 133; *Cheever v. Wilson*, 9 Wall. 108; *Chew v. Brumagen*, 13 Wall. 497; *Mitchell v. Lennox*, 14 Pet. 49; *Ins. Co. v. Harris*, 97 U. S. 331; *Maxwell v. Stuart*, 21 Wall. 71. (4) Where a judgment of a state court in an action against joint defendants, one of whom has not been duly summoned, is by the law of that state valid as to those who are summoned or who appear, it will sustain an action against such defendants in another state. *Hanley v. Donoghue*, 116 U. S. 1; *Lumax v. Clarke*, 52 Mo. 115; *Renaud v. Abbott*, 116 U. S. 277; *Williams v. Hudson*, 93 Mo. 524; *Boyd v. Ellis*, 107 Mo. 394. It is contended by the defendant that the circuit court of Henry county did not have jurisdiction over Storz, because he was served in Rock Island county, and that, as there was no service on the Henry County Coal Company, the court had no jurisdiction to render judgment against Storz. (5) Under sections 2 and 10, chapter 110, of Revised Statutes of Illinois, offered in evidence, all defendants in Illinois, when sued, except in local actions, have the right to be sued in the county in which they reside, or may be found, unless they are sued jointly with some defendant who resides in said county where the suit is commenced, and judgment is rendered against such codefendant. This, however, is not a jurisdictional fact. *Waterman v. Tuttle*, 18 Ill. 292; *Hamilton v. Dewy*, 22 Ill. 420; *Hardy v. Adams*, 48 Ill. 532; *Humphrey v. Phillips*, 57 Ill. 132; *Wallace v. Cox*, 71 Ill. 548; *Railroad v. Williams*, 77 Ill. 354; *Drake v.*

*Drake*, 83 Ill. 526; *Stark v. Ratcliff*, 111 Ill. 75; *Gillilan v. Gray*, 14 Ill. 416.

SMITH, P. J.—The plaintiff in his petition alleged that in January, 1883, he recovered judgment against the defendant in the circuit court of the county of Henry, in the state of Illinois, which was a court of general jurisdiction. The defendant put these allegations in issue by the general denial contained in his answer. At the trial, to maintain the issues in his behalf, the plaintiff offered in evidence an authenticated copy of the record of the Illinois court in the case. To the introduction of which the defendant objected upon the ground that the Illinois court pronouncing the judgment was without jurisdiction for the reason that it appears by said record that the suit was begun in said county of Henry by the plaintiff against two defendants, the Henry County Coal Company, a resident of said county of Henry, and the said defendant herein, who was a resident of the county of Rock Island; that it further appears by said record that no summons ever issued in said cause for the defendant, the coal company, nor was there any appearance by the said coal company to the action; that the only party served was the defendant herein, who was served in the county of Rock Island and not in the county where the said action was brought; that the judgment was rendered against the defendant herein alone and not against him and the coal company; and for the further reason that the service of the summons upon defendant was void. The plaintiff to meet these objections introduced in evidence sections 2 and 10 of chapter 110, page 734, Revised Statutes of Illinois, and several decisions of the supreme court of that state (hereinafter cited) construing these statutory provisions. The

defendant's objections being overruled, exceptions were duly taken thereto. Judgment was given for plaintiff and defendant appealed.

The action which culminated in judgment in the Illinois court was in its nature local. Revised Statutes of Illinois, ch. 80, sec. 16. After the service of the summons the procedure was the same as in actions by attachment. *Bartlett v. Sullivan*, 87 Ill. 219. The circuit courts of Illinois are courts of general jurisdiction and have power to award throughout the state and returnable to the proper county all writs and process which are necessary to the due execution of the powers with which they are vested. *Kenney v. Greer*, 13 Ill. 432; *Champlin v. Morgan*, 18 Ill. 292. In relation to courts of record the law is, that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so, and on the contrary nothing shall be intended to be within the jurisdiction of an inferior court but that which is expressly alleged. The circuit courts of Illinois possess original and unlimited jurisdiction. *Beaubien v. Brinkerhoff*, 2 Scam. 272.

Upon the face of the Illinois record it appears that the defendant was served with process in a county other than that in which the suit was instituted. At the trial of this cause the defendant offered to prove that he was the resident of a county different from that in which the suit was brought, and we must proceed in the consideration of this case upon the theory that the defendant could have proved what he offered. In disposing of this appeal we must regard the defendant as a non-resident of the county where the suit was brought against him. If the defendant, as was the case, was served with summons in a county other than that in which the suit was brought, the jurisdiction of

the court must be presumed until questioned by a plea. in abatement or motion interposed in proper time.

The general rule is that whatever matter of defense shows that plaintiff can have no cause of action must be pleaded in bar; but that which merely defeats the present suit, and does not conclude the plaintiff from maintaining an action upon the cause stated, should be pleaded in abatement. 1 Chitty on Pleadings, 446. If the fact that the suit was brought in a county where the defendant did not reside, and that he was served with summons in the county in which he did reside, had been called to the attention of the court by timely plea. in abatement or motion, the only effect of this would have been to defeat that suit and to have compelled the plaintiff to sue where the defendant resided, or to have summons awarded and served on the other defendant who did reside in the county where the suit was brought. *Waterman v. Tuttle*, 18 Ill. 292. These objections being of a dilatory character, and not having been interposed in the time and manner already indicated, must be considered as having been waived. *Gillilan v. Gray*, 14 Ill. 416; *Hardy v. Adams*, 48 Ill. 532. It thus appears according to the statutes of Illinois and the construction placed thereon by the superior court of that state, which were put in evidence in the court below, that the judgment in question is valid in that state.

The act of congress in relation to the authentication of records provides the manner in which the judicial records and proceedings of the courts of any state shall be proved or admitted in any other court within the United States, and that when so authenticated they shall have such faith and credit given them in every court within the United States as they have by law or usage in the courts of the state whence the said records shall be taken. Now since the judgment is valid under

the laws of Illinois, we are required by the act of congress to accord to it a like validity here.

It is not to be understood from what has been said that the Illinois record imports absolute verity. The rule is that such judgments are as conclusive as domestic judgments, with the exception that they are open to inquiry as to the jurisdiction and notice to the defendant. This doctrine has its foundation in natural justice. The property of no man should be taken from him by judicial sentence, without the privilege of showing, if he can, that the claim against him is unfounded. Want of jurisdiction, it is now held, may be shown either as to the subject-matter or the person or in the proceedings *in rem* as to the thing, although the record may recite facts necessary to give the court jurisdiction. Upon the jurisdictional question the record is subject to be contradicted. *Max v. Fore*, 51 Mo. 75; *Eager v. Stover*, 59 Mo. 88; *Barlow v. Steel*, 65 Mo. 611; *Napton v. Leaton*, 71 Mo. 358. But while a foreign judgment may be impeached by showing that there was no notice, or that appearance by attorney was unauthorized, or perhaps for any other fraud committed against the rights of defendant in the acquisition of jurisdiction of the defendant or his property, yet defendant in this case does not fall within any one of these categories. He was served with notice of the commencement of the suit, though the service was in a county in which it was irregular to have made it; yet as he did not appear and plead this fact in abatement of the suit he must be deemed to have waived the objection. He cannot now call the validity of that judgment in question either in the courts of that state where rendered or in the courts of this state. It is conclusive on him within both jurisdictions.

It results that the judgment of the circuit court must be affirmed. All concur.