| 58 | 61 |
| 70 | 512 |

| 58 | 61 |
| s85 | 34 |

---

FRED. E. SMITH, Appellant, v. FELIX V. KANDER, Respondent.

Kansas City Court of Appeals, April 30, 1894.

1. **Foreign Judgments:** AUTHENTICATION: FAITH AND CREDIT. Records and proceedings of a sister state authenticated under act of congress, are admissible in any other court within the United States, and have the same faith and credit given them in such court as they have by law or usage in the courts of the state whence taken.

2. ———: WISCONSIN: REVIVOR: ACTION IN THIS STATE. A judgment rendered in conformity with the statutes of Wisconsin may be revived in that state by civil action, and such action can be brought in this state when the jurisdiction of the person of the defendant is obtained.

3. ———: ACTION. The proper action on a foreign judgment at law for the sum awarded by it, is that of debt.

4. ———: ACTION: ALTERNATIVE: REASONABLE TIME. Under the Wisconsin statute a judgment for the return of property is not required to fix the time within which the return is to be made, but such return should be made within a reasonable time; and after ten years a court will presume conclusively that the return of the property can not be had, and that the judgment must be regarded as only a money judgment, and as such it will of course support an action of debt.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

REVERSED AND REMANDED.

*O. A. Lucas* for appellant.

(1) Respondent's contention is that, as the judgment rendered in Wisconsin and sued on in this case is

in the alternative, an action in debt can not be maintained on it in this state, that is, he should still have the right to return the property. (2) Unless he returns the property in a reasonable time he can not afterwards return it, neither on an execution in the state where the judgment was rendered, nor claim the right on any proceeding had in another state to enforce it. If he do not return nor offer to return the property in a reasonable time, it ripens into a stated money judgment of the amount as the value of the property is fixed by the jury; and, as such, an action in debt could be maintained on the judgment to revive it and enforce it everywhere. Cobby on Replevin, ch. 35, sec. 1122, p. 641; Cobby on Replevin, ch. 37, sec. 1188, p. 678; Wells on Replevin, ch. 24, sec. 778, p. 418; *McClelland v. Marshall*, 19 Iowa, 562. (3) Where no time is stated for the performance of an act, it must be done in a reasonable time. 19 Am. and Eng. Encyclopedia of Law, p. 1090. The case principally relied on by defendant, *Thorner v. Batory*, 41 Md. 593, is not in point with the facts in the case at bar. (4) But even if defendant could still return the property, the judgment is such an one as could and should be enforced in this state. The judgment was a proper one, and in proper form when rendered in Wisconsin. R. S. of Wis. 1878, ch. 128, sec. 2888, p. 765; *Heeron v. Beckwith*, 1 Wis. 17; *Smith v. Phelps*, 7 Wis. 211; *Rose v. Tolly*, 15 Wis. 443. If a *scire facias* would lie upon a judgment in the state in which it was rendered, an action of debt would lie upon it in another jurisdiction. *Simonton v. Barrell*, 21 Wend. (N. Y.) 362; *Johnson v. Butler*, 2 Iowa, 535. While they have no *scire facias* writ in Wisconsin, they bring a suit to revive in the same manner as though it were a foreign judgment. R. S. of Wis. 1878, ch. 128, sec. 2916, p. 771, and ch. 149, sec. 3463, p. 877; *Ingraham v. Champion*, 54 N. W.

Rep. 398. It could be revived by suit in Wisconsin; the same effect must be given to it here. *Wilson v. Johnson*, 10 Mo. 320, 336. (5) The proper action on a judgment is debt. *India Rubber Co. v. Hoit*, 14 Vt. 92; 12 Am. and Eng. Encyclopedia of Law, p. 148; 2 Smith's Leading Cases [8 Ed.], pt. II, p. 984, and cases cited. *Andrews v. Montgomery*, 19 Johns. 162. (6) The petition is in proper form and states a cause of action. R. S. 1889, sec. 2079; Bliss on Code Plead., ch. 15, sec. 303, pt. 2. *Crane v. Crane*, 19 N. Y. G. 691; Freeman on Judgments [3 Ed.], ch. 19.

*Frank B. Case* for respondent.

(1) The action on a judgment of a sister state is an action of debt. 12 Am. and Eng. Encyclopedia of Law, t. p. 148. *Brisbane v. Dobson*, 50 Mo. App. 170-175. (2) To sustain an action of debt the judgment must be for the payment of a specific sum of money without conditions. 22 Am. Law Register (N. S.), p. 698; *Dimick v. Brooks*, 21 Vt. 569; *Brisbane v. Dobson*, 50 Mo. App. 170; 1 Chitty Pleadings [16 Am. Ed.] p. 121; 3 Bacon's Abridgment, p. 87. (3) Our court will not give a greater force or effect to the judgment of a sister state than it had in the state where rendered. 12 Am. and Eng. Encyclopedia of Law, p. 148. *Ins. Co. v. Harris*, 7 Otto (U. S.), 331. (4) A judgment in replevin in the alternative will not support an action in a sister state. *Thorner v. Batory*, 41 Md. 593; s. c., 20 Am. Rep. 74; Judge COOLEY in 22 Am. Law Register (N. S.) 698-700; James M. Kerr in 18 Central Law Journal, p. 205.

SMITH, P. J.—This is a suit on a duly authenticated copy of a judgment rendered by a court of general jurisdiction within the state of Wisconsin.

The plaintiff's petition set forth the judgment, which is as follows: "This action being at issue and having tried on the issues of fact before the Honorable DAVID W. SMALL, judge of this court, and a jury on the twenty-fourth and twenty-fifth days of February, A. D. 1881, and the verdict of the jury having been entered whereby they find for the plaintiff, and that the plaintiff is the owner of and entitled to the possession of the property described in the complaint, and that the defendant unlawfully withheld and still withholds the same from the plaintiff, and assess plaintiff's damages at the sum of $190, and find the value of said property to be one hundred and ninety ($190) dollars.

"Now upon motion of Geo. W. and Charles W. Lakin, attorneys for plaintiff, it is hereby adjudged that Jesse W. Walker, the plaintiff, do have and recover of the defendant the possession of the said property described in the complaint, if delivery thereof can be had; and in case a delivery thereof can not be had, then that said plaintiff recover of said defendant the value thereof, to wit: The sum of $190, together with the aforesaid sum of $190 damages, together with the sum of $92.31 costs and disbursements, amounting in the whole to the sum of $472.31."

The answer of the defendant denied there was a record of the judgment.

At the trial the plaintiff offered in evidence a duly authenticated copy of the record of the proceedings and judgment together with section 2888, chapter 128 of the Revised Statutes of Wisconsin, 1878, page 765. To the introduction of which defendant objected on the ground that the petition did not state facts sufficient to constitute a cause of action and on the further ground that the judgment was in the alternative. This objection being by the court sustained plaintiff asked leave to amend his petition by striking out that part as to

the return of the property so as to limit his recovery to the damages and costs which the record showed were adjudged to him by the Wisconsin court. This request was by the court refused. The judgment was for defendant and plaintiff has appealed.

The act of congress in relation to the authentication of records provides the manner in which the judicial records and proceedings of the courts of any state shall be proved or admitted in any other court within the United States and when so authenticated they shall have such faith and credit given them in every court within the United States as they have by law or usage in the courts of the state whence the said records shall be taken. *Kincaid v. Storz*, 52 Mo. App. 564.

The judgment was rendered in conformity with the express requirements of the statute of Wisconsin (R. S. (Wis.), section 2888), and is unexceptionable in form and substance. *Heeron v. Beckwith*, 1 Wis. 17; *Smith v. Phelps*, 7 Wis. 211; *Rose v. Tolley*, 15 Wis. 443. Judgments are revived in that state by civil action instead of by *scire facias*. R. S. Wis. 1878, secs. 2916, 3463; *Ingraham v. Champeon*, 54 N. W. Rep. 398. If an action could be brought on the judgment in the state where rendered, then manifestly it could be brought here where there is jurisdiction of the person of the defendant.

The proper action on a foreign judgment at law for the sum awarded by it, is that of debt. *Brisbane v. Dobson*, 50 Mo. App. 170. But it is contended by the defendant that the judgment sued on is in the alternative and therefore it will not support an action of debt. The Wisconsin statute, like that of our own state, does not require that the judgment of return of the property shall fix a time in which it is to be made and if not complied with, the money judgment to

become operative. Cobby on Replevin, ch. 35, sec. 1122, p. 641, and 37, sec. 1188, p. 678; Wells on Replevin, ch. 24, sec. 778, p. 418; *McClelland v. Marshall*, 19 Iowa, 562. The true rule no doubt there as here is, that the time for the return of the property adjudged is fixed by the law to be a reasonable time under all the circumstances. What is a reasonable time would depend upon the particular circumstances of any particular case; such as, for example, the kind and situation of the property, and the like. A court would be warranted in declaring as a matter of law that where a judgment had been rendered more than ten years before the commencement of suit on it in another jurisdiction that the reasonable time accorded to defendant to exercise the alternative right to return the property under it had expired. *Skeen v. S. E. & T. Co.*, 34 Mo. App. 485; *Gammon v. Abram*, 53 Wis. 323; *Williams v. Porter*, 40 Wis. 423. After the expiration of a reasonable time in which the defendant may return the property the money judgment for the value of the property becomes absolute and certain. It would be absurd to say that where a suit is brought on a statutory judgment in replevin for the entire amount of damages adjudged by it, that the defendant who has neither returned the property nor paid the value thereof can be heard, ten years after its rendition, to defend on the ground that the judgment is in the alternative and that he may still return the property.

On the face of the judgment after such a period it must be conclusively presumed that return of the property can not be had, and that, therefore, it must be regarded as only a money judgment which, of course, will support the action of debt. The alternative feature in such case is as if it had never been.

In *Thorner v. Batory*, 41 Md. 593, it was held that a judgment which had been rendered by a court of the

state of Tennessee to the effect "that the plaintiff return said goods to the defendants, and *if he failed to do so*, that the defendants recover of plaintiff and H. C. Jackson, his security, in the replevin bond, the value of the goods as found by the jury," was not such as one of the courts of that state could carry into effect by a like judgment there. The grounds upon which this decision was placed were, that the action was debt, and to render a judgment for a certain sum of money, the only judgment that could be rendered would take away from the defendant the right he had under the Tennessee judgment to satisfy it by returning the property, and to that extent would work an unauthorized change of the rights of the parties.

But whatever may be the rule in respect to alternative and conditional judgments, it can have no application to the judgment on which this action is based, for upon its very face the alternative, that possibly would otherwise render it not actionable, is shown to have expired by lapse of time, or in other words the right to *return the property*, which was stated to exist in the Maryland case just referred to, can not be invoked by defendant in this case on account of the great length of time that has elapsed since its rendition.

The petition stated a good cause of action, and no valid reason is perceived why the record of the judgment offered in evidence was not admitted to prove the cause of action plaintiff alleged.

The judgment will be reversed and the cause remanded. All concur.