R. G. FULGAM, plaintiff in error, vs. THE MACON AND BRUNSWICK RAILROAD COMPANY, defendant in error.

(BY TWO JUDGES.)—Where there was a subscription of stock to a railroad company, and when due the payment of the amount subscribed was demanded by the company, and payment was refused:

*Held*, That it was not necessary for the company to show that it had issued or offered to issue the certificates of stock as a condition precedent to a right of recovery on the subscription. 20th February, 1872.

Corporations. Condition precedent. Before Judge AL-EXANDER. Pulaski Superior Court. April Term, 1871.

On the 13th of March, 1866, Fulgam and others signed the following paper, at Hawkinsville, Georgia:

"We, the undersigned, agree to pay to the Macon and Brunswick Railroad Company the amount set opposite our names, respectively, for the true payment of which we bind ourselves, upon the demand of said railroad company, or their agent. The condition of this subscription is such that said subscribers are to receive stock in said railroad, amount subscribed by each, of the stock heretofore subscribed and unpaid, which had been guaranteed by the citizens of Hawkinsville, by obligation to said railroad company;" opposite Fulgam's signature was "1 share, $100 00."

The company sued Fulgam on said paper for $100 00, averring that it had demanded the money, and he refused to pay, though it then tendered him an obligation of the company, entitling him to said stock. The defense was that the delivery of the stock-certificate was a condition precedent to the demand.

The only evidence was said paper, proof of demand, and that at the date of demand, the agent exhibited to Fulgam a paper, declaring that he was entitled to " one share of the capital stock of said company." The Court charged the jury that, upon introducing the contract and proving demand and refusal to pay, plaintiff could recover. The jury found for plaintiff. Said charge is assigned as error.

HANSELL & HANSELL, by CLARK & SPENCER, for plaintiff in error.

S. HALL ; CHARLES C. KIBBEE, by Reporter, for defendant. Amount *subscribed* makes *capital stock:* 8 Ga. R., 486. May be sued for : *Ibid.* Court construes contract : R. Code, sec. 2712 ; 36 Ga. R., 459. Mutual contracts enforced by either : Comyn on C., 40, 41, 7, 9, 11 ; 1 Sanders, 201. This case covered by 5 Ga. R., 171. See 39 Ga. R., 548.

McCAY, Judge.

We think the plaintiff in error was, as was charged by the Judge, liable to suit on his *refusal* to pay. He had subscribed the stock, and he was not entitled to a certificate of stock until his subscription was paid. It was argued that a subscription for stock stands on the same footing as a contract of purchase; that the company, like the vendor, must offer to deliver before he can demand the price. Is this so ? We think not. Whenever the subscriber pays, he is the owner of stock in the company. It is the payment that makes him the stockholder. The certificate of stock is only the evidence of his right. He would be a full stockholder, with all the rights of one, if the certificate was not issued at all. The case is wholly different from the instance of a sale of stock; that may, and perhaps does, stand in the same footing of other sales.

Whether the company was competent to issue the sort of stock claimed by the defendant, was for him to show. It was

matter of defense.  We cannot tell from the paper whether this was to be a peculiar kind of stock, with a special guarantee, or not.

Under the proof, as it was made, we think the Court and jury both right.  There is nothing in the paper to show that the stock was to have any particular rank, and if there was, it does not appear that, on the payment of the money, the the subscriber would not have had just such rights, as a stockholder, as he contracted for.

Judgment affirmed.