Gantt, J.
The plaintiff in error, who was plaintiff in the court below, in his petition prays that the defendant “by order and decree of the court be compelled to contribute to him the sum of two thousand and three hundred dollars and interest” thereon, being the one-lialf of the amount which he alleges he paid to one Merritt for the west thirty-four feet of lot seven in block one hundred and twenty in Omaha city, and also prays for general relief. He alleges that by a compromise contract entered into between him and the defendant, in respect to this property, the defendant agreed to pay him this sum of money. The defendant denies these allegations. From the record it appears that in 1867, the plaintiff purchased this property from Saunders and Burley; that at the time of the purchase, Merritt held a mortgage on the same against Saunders and Burley; that this mortgage was afterwards foreclosed, the property was sold to satisfy the mortgage debt, and Merritt became the purchaser of it at the sale. It also appears that one Lorin Miller, the father of the defendant in error, was the owner of judgments, amounting in the aggregate to about the sum of seven thousand dollars,which he claimed to be liens upon this and .other property, and had brought suit against the proper parties to enforce these liens, which suit was pending at the time of this compromise. The plaintiff claimed the property by purchase. In order, therefore, to settle and adjust the differences between them in respect to the property, the parties to this action, did on the fourteenth day of December, 1868, enter into an agreement as follows; “Whereas, Lorin Miller claims liens and interests in the west thirty-four feet of lot seven, in block one hundred and twenty, in Omaha city, and George M. Mills holds the same subject to said liens, it is, in order to finally settle and adjust the differences between them, *445 agreed that the said premises shall be and the same are hereby discharged from the said liens and claims of said Lorin Miller, heretofore alleged by him; and that a deed, an agreement for which said Mills has made with one Merritt, shall run to said Mills and George L. Miller, and they shall have and hold said premises as tenants in common.” On the same day Lorin Miller executed a deed to plaintiff and defendant, whereby he did “grant, sell, remise, release and forever quit claim unto George M. Mills and George L. Miller, the west thirty-fonr feet of lot number seven, in block number one hundred and twenty, in Omaha city, together with all tenements, hereditaments and appurtenances to the same belonging, and all the estate, right, title, interest, claim or demand whatsoever of the said Lorin Miller, as well by reason of any judgments assigned to and held by him or otherwise, of, in and to the same, or any part thereof. To have and to hold the above described premises with the appurtenances unto the said George M. Mills and George L. Miller as tenants in common, and to their heirs and assigns forever.” On the twenty-first day of December, 1868, Merritt and wife executed a quit claim deed to plaintiff and defendant for the same property. This contract and the two deeds include all the written evidence offered by the ¡parties, on the trial of the cause. Some parol proof was also offered in respect to the contract between the parties; but as this parol proof does not establish any subsequent agreement between the parties, in our view of the law, it is deemed unnecessary to examine or endeavor to reconcile the manifest conflict which appears in some of this oral evidence. The contract between the parties was reduced to writing and signed by them, and the deeds, it seems Very clear, were executed in accordance with this contract; and if the parol meanings and understandings of witnesses were once allowed to prevail in the interpretation of written *446 contracts, then, indeed, all distinction between written and parol contracts is at once destroyed. This result would certainly follow the admission of such evidence, in regard to written contracts, and therefore we see the necessity of the rule, which seems to be well founded in reason and policy as well as upon authority, that parol proof cannot be received in evidence to contradict, vary, or modify the legal import of written contracts. This rule should not be questioned or disturbed, and hence, where there is no latent ambiguity to be explained, the agreement alone must speak for itself. Stevens v. Cooper, 1 Johns. Ch., 429. Coffing v. Taylor, 16 Ill.,40. Conn. R. R. Co. v. Bailey, 24 Verm., 465.
Under this rule of law, we must look to the contract alone to ascertain its terms and conditions, in respect to the subject matter of the agreement. And it is said that in the interpretation of agreements, “'words must not be forced from their proper signification to one entirely different.” We think the words used in this contract are so clear and definite, and their meaning is so well understood in the ordinary use of language, that there is nothing in it to require construction. After reciting the status of the parties in respect to the property, it says, that in order to finally settle and adjust the differences between them, “ the said premises shall be, and the sam,e a/re hereby discharged from said liens and claims of Lorin Miller,” and that the deed from Merritt “shall run to said George M. Mills and George L. Miller, and they shall have and hold the said premises as tenants in common.” By one party the premises are discharged from the liens of the judgments held by Lorin Miller, and nothing more is required to be done by him, and the other party is to cause the deed from Mendtt to be made to them jointly as tenants in common — that is all, and the parties are bound by these clearly expressed terms of their agreement. But it is contended on the part of the plaintiff that the deed *447 from Lorin Miller vests in him an interest in the judgments referred to in the agreement; The grant in the deed is in the usual form, including all the estate, right, title, interest, claim or demand of the grantor, “ as well by reason of any judgments assigned to and held by him or otherwise, of, in and to the property, or any part thereof.” It seems to ns that the only true sense or meaning of these words is, that all the estate, right, interest, claim or demand, the grantor has in the premises, whether claimed by reason of judgments or otherwise, passed by the conveyance, and nothing more; and this interpretation is certainly in strict conformity with the rule in the construction of a deed, that the expression of one thing implies the exclusion of any other.
No assignment or transfer of the judgment, or any interest therein, is expressed in the grant and none can be implied. And,, again, this interpretation of the deed is sustained by the habendum, which says: “ To have and to hold the above described premises,” not any judgment or interest therein, “unto the said George M. Mills and George L. Miller, as tenants in common, and to their heirs and assigns forever.” Here the grant is limited to the premises described, and this limitation is not repugnant to the grant in the deed. It is said that “in conveyancing, the lidbend'wm is that part of a deed which usually declares what estate or interest is granted by it, its certainty, duration and to what use.” Upon a critical examination of the contract and the deed, we are of opinion that upon both-principle and authority the findings of the court below are correct and the judgment must be affirmed.
Judgment affirmed.