NEBRASKA EXPOSITION ASSOCIATION v. RICHARD H. TOWNLEY.

FILED JANUARY 22, 1896. NO. 5965.

1. Subscriptions: PAROL EVIDENCE. In an action upon a written subscription parol evidence is not admissible to add conditions to those expressed in the writing sued upon.

2. Corporations: SUBSCRIPTIONS: COUNTER-CLAIMS: PLEADING. Where a defendant, by way of counter-claim, alleges that he was induced to make a subscription for the benefit of a corporation upon the faith of a promise contemporaneously made by an agent of such corporation that an amount of capital stock of such corporation equal to such subscription would be issued to him, such subscriber should aver the payment, or, at least, a legal tender, of the amount of such subscription before he is entitled to claim anything by reason of a failure to issue the stock.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*A. G. Greenlee,* for plaintiff in error, cited: *Aultman v. Brown,* 40 N. W. Rep. [Minn.], 159; *McClure v. People's Freight R. Co.,* 90 Pa. St., 271; *Roche v. Roanoke Classical Seminary,* 56 Ind., 188; *Gibbs v. Holcomb,* 1 Wis., 33; *Howe Machine Co. v. Clark,* 15 Kan., 492; *Streeter v. Poor,* 4 Kan., 412.

*Roscoe Pound* and *Burr & Burr, contra,* cited: *Luce v. Foster,* 42 Neb., 818; *Walker v. Haggerty,* 30 Neb., 120; *De Camp v. Scofield,* 75 Mich., 449; *Dicken v. Morgan,* 54 Ia., 684; *Gulf, C., & S. F. R. Co. v. Jones,* 82 Tex., 156; *Louisville, St. L. & T. R. Co. v. Neafus,* 93 Ky., 53; *Board of Trustees of Seventh Day Baptist Memorial Fund v. Saunders,* 84 Wis., 570; *Lake Manawa R. Co. v. Squire,* 57 N. W. Rep. [Ia.], 307; *Reynolds v. Burlington & M. R. R. Co.,* 11 Neb., 186; *Esterly Harvesting Machine Co. v. Frolkey,* 34 Neb., 110.

RYAN, C.

Plaintiff in error sued the defendant in error for the recovery of the sum of $50. The averments of the petition as to plaintiff's cause of action were as follows: "During the month of January, 1890, the defendant entered into a written contract with the plaintiff whereby he agreed to pay for the purpose of assisting the plaintiff to erect certain accommodations for the Nebraska Agricultural Society, on the grounds of the plaintiff, the sum of fifty dollars ($50), on condition that the state fair should be located upon the said grounds at the said city of Lincoln for the five years beginning 1890, and that the said sum was to be paid upon the location of the state fair at said place." Full performance of the condition upon which this subscription was to be paid, as well as defendant's refusal upon demand to pay

the amount subscribed by him, were further alleged by the plaintiff. In his answer the defendant admitted "that he signed a written subscription whereby he agreed to pay the sum of $50 to plaintiff as alleged; that the said sum has not been paid, and admits that the state fair was located upon the grounds of said corporation [the plaintiff] in the city of Lincoln as alleged."

Before noticing the affirmative matter pleaded in the answer it is proper to say that the defendant in error cannot now insist that the terms of the contract of subscription, by reason of not being set out in the record, cannot be known to this court, for, having admitted that defendant was to pay as alleged in the petition, we must assume that the terms had been therein fully as well as accurately stated. So, too, of the performance. It was admitted in the answer that the state fair had been located as alleged, and this is the only condition precedent to be found in the contract as it was described in the petition. There were, therefore, admissions in the answer which described the conditions upon which the defendant in error was to become liable, which disclosed the full performance of those conditions necessary to fix the liability of the defendant, and the failure of the defendant to make payment in accordance with his said agreement. By way of the affirmative defense it was averred, however, that "the plaintiff, through one John Sheedy, who was then and there its duly authorized agent, promised and agreed to and with the defendant to issue and execute to the defendant $50 of stock of the said corporation [plaintiff], and that defendant, in consideration thereof, signed said subscription, and that said promise to issue and deliver said stock to the defendant was the sole and only consideration of said subscription; and the defendant further alleges that, although often requested, the defendant has failed and refused to execute or deliver said stock to the defendant, and that the consideration of said subscription has wholly failed." In another paragraph

of his answer the defendant pleaded the same facts as above pleaded with reference to the agreement to issue stock to him, and, having alleged the value of such stock and the refusal upon demand to issue it, he asked that the value of such stock be allowed in his favor by way of counter-claim. The dual manner in which these affirmative matters have been stated does not involve a separate consideration of the rules of pleading or evidence governing each, for these rules in one case are the same as in the other. If by the language quoted from the answer it was intended to allege that upon payment of the subscription the stock would be issued to defendant, such tender of payment was a necessary condition precedent to the defendant's right to have stock issued to him, and the non-issue of such stock therefore constituted no matter of defense. This defense was wanting in necessary averment and was bad. If, however, upon this affirmative language it is claimed that the issue of stock was a necessary condition precedent to entitle plaintiff to payment of the defendant's subscription, it is a complete answer to this claim to call attention to the fact that in the written contract, admitted to be correctly reflected in the petition, no such condition existed. The engrafting of another condition by the proffered testimony would be in violation of the rule that all previous and contemporaneous negotiations and conversations leading to the contract are merged in it and cannot therefore be established by oral testimony. (*Mills v. Miller*, 4 Neb., 441; *Hamilton v. Thrall*, 7 Neb., 210; *Dodge v. Kiene*, 28 Neb., 216.) This defense was, therefore, unavailing, and should have been so held upon the evidence tendered in support of it. The judgment of the district court is

REVERSED.