EASTERN STATES AGRICULTURAL AND INDUSTRIAL EXPOSITION,
INC. *v.* ESTATE OF THEODORE N. VAIL.

May Term, 1923.

Present:  WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed June 2, 1923.

*Corporations—Stock Subscription Contract—Tender of Stock Certificate—Stock Subscription As Constituting Subscriber Member of Corporation—Interest Due From Time of Default.*

1.  Where a stock subscription contract contained no provision, express or implied, requiring delivery of the stock certificate as a condition precedent to a right of recovery, a tender of such certificate was not necessary to give such right.

2. The effect of the ordinary stock subscription to the capital stock of a corporation is to constitute the subscriber a stockholder immediately, with a right to vote at the meetings and share in the dividends, and subject to a corresponding liability to contribute to the amount of his subscription when called upon in a legal manner, the subscription being what makes him a stockholder and not the certificate of stock, which is but evidence of the fact that he is a stockholder.

3. Like any other contract, money due on a stock subscription contract, silent on the subject of interest and not by implication excluding it, draws interest from the time of default in payment, whether the time of payment is fixed by statute, by call, or by the terms of the subscription contract.

APPEAL from the action of the commissioners on the estate of Theodore N. Vail in disallowing a claim presented by the plaintiff on a stock subscription contract. Trial by the court at the December Term, 1921, Caledonia County, ·*Willcox, J.*, presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*W. B. C. Stickney* and *Edwin W. Lawrence* (*Nathaniel T. Guernsey* and *Neal M. Monroe,* of counsel) for the defendant.

Interest can only be allowed where there is a contract, express or implied, so to do. *Newell* v. *Keith,* 11 Vt. 214; *Raymond* v. *Isham,* 8 Vt. 258; *Wood* v. *Smith,* 23 Vt. 706; *Abbott* v. *Wilmot,* 22 Vt. 437; *Brainerd* v. *Champlain Transportation Co.,* 29 Vt. 155.

Interest should not have been allowed· when stock certificates subscribed for had neither been tendered nor delivered. *Atlantic Phosphate Co.* v. *Grafflin,* 114 U. S. 492; *Foote* v. *Blanchard,* 6 Allen, 221; Cyc. on Sales, 531, 584.

Tender was necessary before action could be maintained on the stock subscription contract. *Morton* v. *Wells,* 1 Tyler 381; *Barney* v. *Bliss,* 1 D. Chipman, 399; *McConnell* v. *Hall,* Brayton, 223; *Considerant* v. *Brisbane,* 14 How. Pr. 487; *Courtright* v. *Deeds,* 37 Iowa 503; *Cooper* v. *McKee,* 49 Iowa 286; *In re Hall,* 206 Fed. 850; *Summers* v. *Sleeth,* 45 Ind. 598; *Lester* v. *Jewett,* 11 N. Y. 453; *Barnard* v. *Tidrick,* 152 N. W. 690.

*George B. Young* for the plaintiff.

A tender of a stock certificate is not a condition precedent to recovery of the subscription price of the stock. *Wemple* v. *St. Louis, J. & S. R. R. Co.,* 120 Ill. 196, 11 N. E. 906; Cooke on Corporations, 7th ed., § 192; Thompson on Corporations, 2nd ed., § 3822; *Chester Glass Co.* v. *Dewey,* 16 Mass. 94; *Union Shoe Co.* v. *Pray,* 67 N. H. 435; *Union City, etc., R. R. Co.* v. *Traverse, etc., Ry.* (Mich.), 136 N. W. 463, 468; *Kelly* v. *Killian,* 133 Ill. App. 102; 7 R. C. L., p. 249, § 222, and cases cited; L. R. A. 1915A, p. 465, and cases cited.

If a contract is silent on the subject of interest, and does not by implication exclude it, on money due and payable there-under, the law implies that interest is to be paid from the time the debt became payable. *Dickenson* v. *Gould,* 2 Tyler, 32; *Porter* v. *Munger,* 22 Vt. 191; *Wood* v. *Smith,* 23 Vt. 706; *Gleason* v. *Briggs,* 28 Vt. 135; *Vermont & Canada R. R. Co.* v. *Vermont Central R. R.,* 34 Vt. 1, 65; *Sumner* v. *Beebe,* 37 Vt. 562; *Dunnett et al.* v. *Gibson,* 78 Vt. 439; *Tudor* v. *Tudor's Estate,* 93 Vt. 353; *Dodge* v. *Perkins,* 9 Pick. 368; *Foote* v. *Blanchard,* 6 Allen, 221; *Childs* v. *Krey,* 199 Mass. 352.

SLACK, J.  It appears from the findings made by the trial court, upon which the plaintiff had judgment, that, on September 16, 1916, the late Theodore N. Vail executed and delivered to the plaintiff a contract in writing which was in the language following:

"I hereby subscribe and agree to pay for Four Hundred (400) shares, at twenty-five dollars each, capital stock of the Eastern States Agricultural and Industrial Exposition, Inc., a corporation organized under the laws of the Commonwealth of Massachusetts, with a capital stock of seven hundred fifty thousand dollars, divided into thirty thousand shares.

Payment to be made to the Treasurer of said corporation as follows: 25 per cent. on September 30th, 1916, and 25 per cent. on the 30th day of each second month thereafter until the full amount is paid.

This agreement extends to and binds my legal representatives.

Signed and sealed at Springfield, Mass., this sixteenth day of September, 1916.

Address —————— Signature Theo. N. Vail (L. S.)

Make checks payable to B. T. Tifft, Treasurer.

Witness for 400 shares

Lucius E. Wilson.''

That the writing contained all the provisions under which Mr. Vail subscribed and agreed to pay for the capital stock of the plaintiff, and never was modified by him in any particular; that on December 28, 1917, he paid to the plaintiff five thousand dollars under and pursuant to the terms of that contract; that the balance is unpaid; that no tender of the certificate of stock subscribed for was made to Mr. Vail during his lifetime, nor to his legal representatives, since his decease.

The first question for consideration is, whether plaintiff's failure to tender the certificate of stock to Mr. Vail, or to his legal representatives, precludes a recovery in this action.

[1]    That the contract in question is, in effect, a subscription for capital stock of the plaintiff, is apparent from a careful examination of the instrument.    Indeed, the defendant, in effect, so treats it in its brief—it there says: ''By referring to the findings of fact it appears; * * * * that the contract sued upon is a stock subscription contract.''   Being a contract of that character and containing no provision, express or implied, requiring delivery or tender of the stock certificate as a condition precedent to a right of recovery, a tender of such certificate was not necessary.   *Wemple* v. *St. L., J. & S. R. R. Co.*, 120 Ill. 196, 2 N. E. 906; *Webb* v. *Baltimore & Eastern Shore R. R. Co.*, 77 Md. 92, 26 Atl. 113, 39 A. S. R. 396; *Fulgram* v. *Macon & Brunswick R. R. Co.*, 44 Ga. 597; *Miller* v. *The Wild Cat Gravel Road Co.*, 52 Ind. 51; *Walter A. Wood Harvester Co.* v. *Jefferson*, 71 Minn. 367, 74 N. W. 149; *Astoria & S. C. R. R. Co.* v. *Hill*, 20 Or. 177, 25 Pac. 379; *Walter, etc., Co.* v. *Robbins*, 56 Minn. 48, 57 N. W. 317; *Nebraska Express Assn.* v. *Townlet*, 46 Neb. 893, 65 N. W. 1062; *Slipher* v. *Earhart*, 83 Ind. 173; Cook on Corp., § 192; Thompson on Corp., § 3789; Morawetz on Private Corp., § 148.

[2]    The effect of the ordinary subscription to the capital stock of a corporation is to constitute the subscriber a stockholder immediately, with a right to vote at the meetings, and share in the dividends, and subject to a corresponding liability

to contribute to the amount of his subscription when called upon in a legal manner. It is the subscription that makes him a stockholder, and not the certificate of stock; the latter being but evidence of the fact that he is a stockholder—a written acknowledgment on the part of the corporation of his interest in the corporate franchise and property.

Cases are to be found which hold that where the contract constitutes a *sale* as distinguished from a *subscription,* such sale stands like a sale of other property, and, unless otherwise provided, payment and delivery being mutual and concurrent acts, tender must be shown. But as such is not the contract before us, we have no occasion to consider that question.

The judgment includes simple interest at the rate of six per cent. per annum on the two instalments last to fall due, from the time payment was defaulted to the day of judgment. The defendant contends that interest is not recoverable because (1) the contract contains no express provision therefor, (2) the plaintiff's attitude shows that no interest was to be paid, and (3) the plaintiff never delivered or tendered the certificate of stock to the deceased or his legal representatives.

[3]    The rule is well settled in this State, that if the contract is silent on the subject of interest, and does not by implication exclude it, on money due and payable under the contract, the law implies that interest is to be paid from the time the money becomes due. *Porter et al.* v. *Munger,* 22 Vt. 191; *Vermont & Canada R. R. Co.* v. *Vermont Central R. R. Co.,* 34 Vt. 1, 65; *Dunnett & Slack* v. *Gibson,* 78 Vt. 439, 63 Atl. 141.

In *Gould* v. *Town of Oneonta,* 71 N. Y. 298, 305, it was held that subscriptions for stock, after due, bear interest. The court said: "Such is the general rule when money is not paid when it becomes due, and there is no reason for making money due upon a stock subscription an exception to the rule."

In *McCoy* v. *Columbian Exposition,* 186 Ill. 356, 57 N. E. 1043, 78 A. S. R. 288, it was held that where the amount of subscription to capital stock was payable in instalments as called for by the directors, the corporation was entitled to interest on such instalments from the time call or demand was made.

In *Rikhoff et al.* v. *Brown's Rotary Shuttle Sewing Machine Company,* 68 Ind. 388, it was held, under a statute of that state requiring the capital stock of a corporation to be paid into the

treasury within eighteen months from the time of incorporation, that interest was properly allowed on calls from the time they were payable under the statute.

In *Hawkins* v. *Investment Co.*, 38 Or. 544, 64 Pac. 320, it was held that where the subscription contract provided for payment in monthly instalments, such instalments bore interest from the time they fell due.

Mr. Cook in his work on Corporations, at section 112, says: "A subscriber who fails to pay a call when it becomes due, according to its terms, is properly chargeable with interest from the time of default." See also Thomp. on Corp., § 3712.

It thus appears that money due on stock subscriptions draws interest from the time of default in payment, whether time of payment is fixed by statute, by call, or, as in the instant case, by the terms of the subscription contract.

This disposes of the first ground urged against the allowance of interest.

In support of its claim that plaintiff's attitude indicated that no interest was to be paid, the defendant says, that the five thousand dollars paid December 28, 1917, "was paid without any interest being paid or demanded." This statement is not borne out by the findings. They are silent on the subject of interest. It merely appears that this payment was "on account of such stock subscription agreement, and was received by the plaintiff as such." This being so, there is no merit in this claim.

It follows from what has already been said, that the plaintiff's failure to deliver or tender the certificate of stock does not preclude the recovery of interest.

*Judgment affirmed.*