PAUL AKERS BOWDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54923.   Promulgated October 31, 1932.

*J. Richard Bowden, Esq.,* for the petitioner.
*Bernard D. Hathcock, Esq.,* for the respondent.

### OPINION.

LANSDON: As against the respondent's contention the petitioner has filed a lengthy petition, containing many assignments of error which he alleges the respondent committed in his determination of the tax. The real and only point at issue, however, relates to the ownership of the corporate stock which petitioner bought and caused to be transferred to his wife, as hereinbefore described. The respondent contends that the petitioner was the real owner of that stock when the dividends were declared and the owner in law of the dividends paid to his wife. The petitioner claims that he bought the stock for his wife in accordance with prearranged plans pursuant to which he caused the same to be transferred to her and that he was at all times acting as the agent of his wife, and that the promissory note given to him by her following the issuance of the stock certificate to her was to evidence his expenditures in such connection, for future accounting between them. Both parties to this appeal have argued a number of collateral issues which, in the view we take of the law which must control our decision, need not be discussed in this opinion.

The only person who testified at the hearing was the petitioner, who gave his version of the transaction as above stated. In connection with his testimony the petitioner put in evidence the stock certificate issued directly to his wife for the 450 shares of stock and her promissory note for the sum of $45,000, with the credits shown. Without going into the involved recitals of the petitioner's story, or discussing his motives in doing what he did with the stock; or his exact status while doing it, we think the record before us shows that he succeeded in vesting the legal title to the stock in his wife and that her ownership of it at the time the dividends were paid was complete and unassailable. In this connection we consider it immaterial whether, in the first instance, the petitioner purchased the several shares of stock for himself, or for his wife as her agent. The certificate, being the sole muniment of title to the stock when

issued to her by the secretary of the corporation, made her a stockholder and the only person, respecting this particular stock, to whom the corporation could legally pay the dividends. *Bank of Culloden* v. *Bank of Forsyth*, 120 Ga. 575; 48 S. E. 226; *Thornton* v. *Martin*, 116 Ga. 115; 42 S. E. 348; *Hendrick* v. *Daniel*, 119 Ga. 358; 46 S. E. 438; *Kramer* v. *Spradlin*, 148 Ga. 805; 98 S. E. 487; *Fulgam* v. *Macon, etc., R. R. Co.*, 44 Ga. 597; *Hudson Trust Co.* v. *American Linseed Co.*, 180 N. Y. S. 17; *McNiel* v. *Tenth National Bank*, 46 N. Y. 325; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441; 42 N. E. 988; *Baker* v. *Davis*, 211 Mass. 429; *Turnbull* v. *Payson*, 95 U. S. 418; *Hawley* v. *Upton*, 102 U. S. 314; *Johnson* v. *Laflin*, 103 U. S. 800; *Cecil National Bank* v. *Watsontown Bank*, 105 U. S. 217; *O'Neil* v. *Wolcott Mining Co.*, 174 Fed. 527. Whether the transaction was a sale, or simply a gift from husband to wife, the substitution in stockholders became complete and title vested in her upon delivery and acceptance of the certificate. *Mack* v. *Pardee*, 39 Ga. App. 310; 147 N. E. 147; *Williams* v. *Everett* (Mo. Sup. Ct.), 200 S. W. 1045. *Sylvania & G. R. Co.* v. *Hoge*, 129 Ga. 734; 59 S. E. 806. From the facts shown it follows that the dividends here considered belonged to petitioner's wife at the time paid to her and that the respondent erred in including them in petitioner's taxable income. The whole amount of income here disputed is $43,968. The record accounts only for the two credits paid to petitioner on the note, which aggregate slightly less than that amount, and we are unable to say whether or not the respondent erred in respect to the excess. We therefore hold that the respondent erred only in respect to so much of the amount in dispute as is shown to have been paid to the petitioner by his wife upon the note shown.

*Decision will be entered under Rule 50.*